INNES-BEHNEY OPTICAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3368.	Promulgated August 2, 1927.

Classification as a personal service corporation granted.

*James D. Benedict, Esq.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

This is an appeal from the determination of deficiencies in income and profits taxes for the calendar years 1919 and 1920, aggregating $3,075.89. The errors assigned are that (1) the Commissioner denied petitioner personal service classification, and (2) the Commissioner refused to allow the deduction of sums paid to the two stockholders, in excess of amounts specifically designated on the books as salaries, as reasonable compensation for services rendered.

### FINDINGS OF FACT.

Petitioner is a Colorado corporation doing business in the City of Denver, and was organized in October, 1918, with an authorized capital of $10,000. All the capital stock was issued in equal proportions to Albert E. Innes and Fred L. Behney in consideration of all the assets and business of a partnership known as the Innes-Behney Optical Co., owned and conducted by them in the City of Denver. Innes and Behney have been at all times the sole owners, in equal shares, of all the capital stock of the corporation. The officers of the corporation were Albert E. Innes, president, Fred L. Behney, vice president and treasurer, and Katherine J. Vandermeulen, secretary, all of whom devoted their entire time to the business of petitioner.

Petitioner's business was that of optometrists and opticians, consisting of the examination of the eyes of patients, and the making and fitting of eyeglasses. It prepared and manufactured glasses for patients upon prescriptions from oculists and also made examinations of the eyes of customers and prepared the glasses from such examinations. Innes and Behney made all examinations, did all the grinding of lenses, prepared the glasses and made all fittings of glasses. One assistant was employed who did some of the roughing or finishing of the lenses and other minor details requiring no technical knowledge or skill, all the work of a technical character being performed by Innes and Behney. The only other employees were a bookkeeper and a janitor (part time), no salesmen being employed. The petitioner carried a small stock of merchandise (goggles, field glasses and opera glasses) for sale. In addition, a supply of lenses and frames from which glasses were made was kept on hand as a

matter of convenience.  Lenses and frames were not sold, or kept for sale, as such.

As of the close of the taxable years the cost value of petitioner's fixed assets, consisting of merchandise inventory, furniture and fixtures, and tools and machinery, was $8,445.48 for 1919 and $11,894.32 for 1920.  The opening merchandise inventory for 1919, taken at cost, was $3,136.15, of which amount $503.47 covered goggles, etc., and $2,632.68 represented lenses and frames.  The outstanding capital stock for each taxable year was $10,000.  The gross receipts were $26,491.05 for 1919 and $32,054.72 for 1920, and were derived from the following sources:

|  | 1919 | | 1920 | |
| --- | --- | --- | --- | --- |
|  | Amount | Percentage of total | Amount | Percentage of total |
| Repair receipts | $6,547.05 | 24.7 | $8,429.50 | 28.125 |
| Refraction receipts | 10,966.00 | 41.4 | 12,168.85 | 37.5 |
| Filling oculists' prescriptions | 8,095.71 | 30.6 | 10,345.75 | 31.25 |
| Merchandise sales (goggles, etc.) | 882.29 | 3.3 | 1,110.62 | 3.125 |
|  | 26,491.05 | 100 | 32,054.74 | 100 |

Prior to incorporation of petitioner, Innes and Behney, as partners, had agreed between themselves that they would each draw a minimum salary and that if the business justified it they might draw additional sums as compensation for their services, but no record of the agreement was made upon the partnership books.  On the books the agreed minimum salary paid each partner was entered as expense and the remaining profits of the business were credited to the accounts of the partners, against which further withdrawals were charged. When the business was incorporated the same books were used without change therein, except that a new account, called " Innes-Behney Optical Co." was established and the credit balance in the accounts of the partners transferred thereto.  No resolution or other action was adopted or taken by the corporation relative to salaries of Innes and Behney nor was any formal authorization of such salaries made, but the agreement between the parties as partners was continued by them as sole stockholders of the corporation, and all withdrawals by them in excess of the agreed minimum salary were charged to the new Innes-Behney Optical Co. account, while the salaries were recorded as expense.  Pursuant to said agreement, Innes and Behney were each paid a minimum salary during the taxable years, and in addition thereto each drew such sums as the business justified, such withdrawals being made practically each month.  For the year 1919 Innes received a total of $4,164.82 and Behney received a total of

$4,164.82, of which sum in each case $1,710 was charged as expense and $2,454.82 was charged to the Innes-Behney Optical Co. account. The net income reported for 1919, computed by deducting all expenses, including salaries charged thereto, was $7,581.68, distributed equally to the two stockholders. For the year 1920, Innes received the total sum of $5,247.01 and Behney received the total sum of $5,247.01, of which sum in each case $2,510 was charged as expense and $2,737.01 was charged to the Innes-Behney Optical Co. account. The net income reported for 1920, computed by deducting all expenses, including salaries charged thereto, was $8,689.33, distributed equally to the two stockholders.

Petitioner made income-tax returns for the years 1919 and 1920 as a personal service corporation. The respondent denied classification as a personal service corporation and petitioner thereupon requested permission to file amended returns with the allowance of additional compensation to the two stockholders as salaries. This was also denied by respondent and the deficiencies asserted.

### OPINION.

VAN FOSSAN: The petitioner raises but two questions: (1) Was petitioner a personal service corporation in 1919 and 1920 within the meaning of section 200 of the Revenue Act of 1918? and, in the alternative, (2) Are the total sums paid to Innes and Behney reasonable allowances for salaries or other compensation for personal services actually rendered and allowable as a deduction under section 234(a)(1)?

Three essential conditions must be met to bring a corporation within the personal service classification provided by section 200 of the Revenue Act of 1918—(1) the principal stockholders must be *regularly* engaged in the active conduct of the business, (2) the income must be *primarily* attributable to their activities, and (3) capital must not be a *material* income-producing factor. The statute also expressly excludes any corporation 50 per cent of whose income is derived from trading as a principal or from Government war contracts. Confronted with this definition, each case must be considered and determined upon its own peculiar facts and circumstances. See *Appeal of Bryant & Stratton Commercial School, Inc.*, 1 B. T. A. 32.

A reference to the findings of fact will suffice to demonstrate that this petitioner fully satisfies all the conditions of the definition. Innes and Behney, owners of all the stock, devoted themselves exclusively to the business of the petitioner, and through their efforts and reputations produced substantially all, if not all, of the business. Such capital as was employed in the business was principally invested in furniture, fixtures, machinery, tools, and supplies essen-

tial to the production of eyeglasses. The small amount invested in salable merchandise was negligible and produced only about 3 per cent of the total income. The machinery and tools while necessarily involving the use of capital, were not, of themselves, income producers. They were no more than the implements with which Innes and Behney exercised the skill of their profession. The lenses and frames were not kept for sale as such and had little value until made up as eyeglasses through the services performed upon them by Innes and Behney. Even then they were of no practical value to anyone except the persons for whom they were specifically made. Independently of the personal services of Innes and Behney, the exercise of their judgment and skill, the capital employed in this business was useless as a producer of income to the petitioner. See *Appeal of Rhoades, Brownson & Kampman, Inc.*, 2 B. T. A. 194.

It is not essential to a compliance with the Act that no capital whatever be employed in the business. Few modern businesses are conducted without the use of capital in some form or other, and it can not be assumed that Congress intended any such narrow limitation. The business of the petitioner is essentially the sale of the services of Innes and Behney as skilled optometrists and opticians of high reputation. It is their ability to make and fit eyeglasses satisfactorily to the individual needs of its customers that the petitioner sells and from which it derives its income. It is a dealer in the experience and technical knowledge of these two men, just as the lawyer, the doctor and the artist, with large capital investments in libraries and tools and equipment, are dealers in the technical knowledge and service of their professions.

We are of the opinion that petitioner is a personal service corporation within the meaning of section 200 of the Revenue Act of 1918, and so hold. In view of our conclusion on the first issue, it is unnecessary to consider the second issue raised on this appeal.

*Judgment will be entered for the petitioner.*

Considered by MARQUETTE, MILLIKEN, and PHILLIPS.